UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY TERREL JONES,

        Petitioner,        Case No. 2:21-CV-11820
                                  HON. GEORGE CARAM STEEH

v.

KRIS TASKILA,

        Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Timothy Terrel Jones, ("petitioner"), confined at the Baraga Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for two counts of aggravated stalking. For the reasons stated below, the petition for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

## I. FACTUAL BACKGROUND

Petitioner was convicted by juries in two separate cases in the Wayne County Circuit Court. The cases involved the same victim.

Petitioner's convictions were affirmed in a consolidated appeal of right. *People v. Jones*, No. 344198, 344509, 2019 WL 7196917 (Mich. Ct. App. Dec. 26, 2019), *lv. den.*, 505 Mich. 1042, 941 N.W.2d 646 (2020).

On June 15, 2020, petitioner filed a post-conviction motion for relief from judgment in both of his circuit court cases. On April 27, 2021, the trial court denied the motions in a consolidated opinion. *People v. Jones,* Nos. 17-008365-01-FH, 17-008367-01-FH (Wayne Cty. Cir. Ct. Apr. 27, 2021).[1]

Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice, because petitioner had failed to exhaust his state court remedies. *Jones v. Taskila*, No. 20-CV-11476, 2021 WL 2351099 (E.D. Mich. June 9, 2021).

On July 23, 2021, petitioner filed this petition for a writ of habeas corpus with this Court.[2] Petitioner seeks a writ of habeas corpus on three grounds: (1) ineffective assistance of counsel, blind draw for a new judge,

---

[1] The Court obtained some of this information from the Wayne County Circuit Court's website, www.cmspublic.3rdcc.org. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 23, 2021, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

(2) petitioner's right to a speedy trial was violated, (3) the victim set up petitioner at the direction of the police, and (4) M.C.R. 7.211(c)(6) proof of motion for remand, MCL 769.34(3)(10), MCL 777.11 et. seq.

## II.  DISCUSSION

The petition is subject to dismissal because petitioner's claims have not been fully exhausted with the state courts.

A state prisoner who seeks federal habeas relief is first required to exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).  A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's claims have yet to be fully exhausted because there is no indication that petitioner has appealed the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court. This Court has reviewed Westlaw and the Michigan Court of Appeals'

website and there is no indication that petitioner has filed a post-conviction appeal.[3]

Petitioner has the ability to appeal the denial of his post-conviction motion to the Michigan appellate courts. See *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has yet to exhaust his state court remedies. *See Cox v. Cardwell,* 464 F.2d 639, 644-45 (6th Cir. 1972). Petitioner would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust his claims. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A criminal defendant in Michigan has six months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509 (A); M.C.R. 7.205(G)(3). Petitioner's post-conviction motions were denied on April 27, 2021. Petitioner has until October 27, 2021, to file an appeal with the Michigan Court of Appeals.

---

[3] See www.1.next.westlaw.com, www.michigan.gov/courts/coa. As mentioned, *infra,* public records, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d at 681, n. 1.

Although a district court can stay a mixed habeas petition containing unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, See Rhines v. Weber, 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because there are no exceptional or unusual circumstances present that justify holding the instant petition for a writ of habeas corpus in abeyance pending the completion of post-conviction proceedings in the state court, rather than dismissing it without prejudice.  The Michigan Supreme Court denied petitioner's application for leave to appeal from his appeal of right on April 29, 2020.  However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day.  Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period to seek certiorari with the U.S. Supreme Court expired. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009).  Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, his judgment

became final, for the purpose of commencing the running of the one year limitations period, on July 28 2020. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed his post-conviction motion for relief from judgment on June 15, 2020, before the one year limitations period commenced. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has an entire year remaining under the limitations period, and the entire one year period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III.  Conclusion

The Court denies the motion to stay the petition. The Court will summarily dismiss the petition for a writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must

make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct to dismiss the petition on exhaustion grounds. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner

leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

**IT IS ORDERED** that:

(1) the Petition for a Writ of Habeas Corpus (ECF No. 1) is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

(2) a Certificate of Appealability is **DENIED**.

(3) petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  August 11, 2021

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 11, 2021, by electronic and/or ordinary mail and also on  Timothy T. Jones #165747, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908.

s/B Sauve
Deputy Clerk