UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY TERREL JONES,

       Petitioner,                  Case No. 2:21-CV-11820
                                          Hon. George Caram Steeh

v.

KRIS TASKILA,

       Respondent.
_____/

## ORDER FOR CLARIFICATION

On August 11, 2021, this Court summarily dismissed without prejudice the petition for a writ of habeas corpus, because petitioner failed to fully exhaust his claims with the state courts.

Petitioner has now sent a letter to this Court which he entitles a "Notice of Appeal." It is unclear from the contents of the letter, however, whether petitioner wishes to appeal this Court's decision or whether he is simply seeking clarification of this Court's opinion and order of summary dismissal. For the reasons that follow, petitioner is ordered to clarify within 30 days of this order whether he wishes to appeal this Court's decision.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the

appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

The United States Supreme Court has held that the requirements of Federal Rule of Appellate Procedure 3(c), which governs the contents of a notice of appeal, are to be "liberally construed." *Smith v. Barry*, 502 U.S. 244, 248 (1992). A notice of appeal must "specifically indicate the litigant's intent to seek appellate review." *Id*. at 248. But this requirement should not be used to dismiss an appeal for "'informality of form or title of the notice of appeal.'" *Id.* at 249 (quoting Fed. R. App. P. 3(c) (4)). "Functional rather than formalistic compliance [with Rule 3(c)] is all that is required." *Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006). The requirements of the rule governing notices of appeal may be satisfied by the filing of the "functional equivalent," so long as it gives the pertinent information and evinces an intention to appeal. *See Campiti v. Matesanz,* 333 F.3d 317, 320 (1st Cir. 2003).

It is unclear from petitioner's letter whether he wishes to appeal the Court's decision or is simply expressing confusion about whether he can file a second habeas petition after exhausting his claims in the state courts.

To the extent that petitioner was confused by this Court's order and seeks clarification from this Court, petitioner would not risk having a second petition filed after he has completed exhaustion of any additional claims in the state courts dismissed as a "second or successive petition" under 28 U.S.C. § 2244(b), if it follows a petition that was dismissed without prejudice for failure to exhaust state remedies. *Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir. 1998); *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner would therefore not be required to obtain a certificate of authorization from the Sixth Circuit Court of Appeals prior to filing a habeas petition after this first petition was dismissed without prejudice. *In Re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Petitioner is free to file a new habeas petition under a new case number once state post-conviction proceedings have ended in the Michigan Supreme Court and raise his initial claims and any additional claims exhausted in the Michigan Courts.

To the extent that petitioner may wish to appeal this Court's decision dismissing without prejudice his initial petition to allow him to return to the

state courts to exhaust additional claims, petitioner must clarify within 30 days of this order whether he wishes his letter to be considered a timely filed notice of appeal.

Otherwise, petitioner should file a new habeas petition, once he has finished pursuing his state court remedies in the Michigan Court of Appeals and Michigan Supreme Court.

Dated:  September 14, 2021

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2021, by electronic and/or ordinary mail and also on Timothy T. Jones #165747, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908.

s/Brianna Sauve
Deputy Clerk